NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEX SMITH,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>AIRBNB, INC.,<br><br>    Defendant - Appellee. | No. 25-571<br><br>D.C. No.<br>2:23-cv-02541-SMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted March 31, 2026[**]

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges;
Dissent by Judge Miller.

Alex Smith ("Smith"), proceeding *pro se*, appeals the district court's grant of

Airbnb Inc.'s ("Airbnb") motion to dismiss claims brought under the

Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arizona common law.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing the grant of a motion to dismiss *de novo*, *Oregon Right to Life v. Stolfi*, 158 F.4th 1013, 1019 (9th Cir. 2025), and a denial of leave to amend for abuse of discretion, *Great Minds v. Off. Depot, Inc.*, 945 F.3d 1106, 1112 (9th Cir. 2019), we affirm.

Airbnb adopted the mark AIRBNB in 2009 and owns several federal trademark registrations for the mark.  Smith offers search engine optimization ("SEO") services for people in the travel industry, including people who list accommodations on online travel portals such as Airbnb and its competitors.  Smith registered <airbnbseo.com> (the "Domain Name") with the Internet registrar GoDaddy.

After Airbnb successfully sought a transfer of <airbnbseo.com> under GoDaddy's Uniform Domain-Name Dispute-Resolution Policy ("UDRP"), Smith filed this action to block the transfer of his Domain Name.  Following the district court's dismissal of his second amended complaint ("SAC") without leave to amend, Smith appeals.

1.  The district court correctly dismissed Smith's SAC for failure to state a claim under the ACPA.  A "domain name registrant whose domain name has been suspended, disabled, or transferred" pursuant to a policy such as the UDRP may "file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful" under the Lanham Act and to obtain appropriate

2                                          25-571

injunctive relief. 15 U.S.C. § 1114(2)(D)(v). The provision of the Lanham Act that parallels the grounds for the UDRP decision that transferred Smith's domain name is § 43(d)(1)(A), which, as added by the ACPA, generally prohibits what is colloquially known as cybersquatting. *Id.* § 1125(d)(1)(A). As relevant here, § 43(d)(1)(A) makes it unlawful for a person (1) to "register[], traffic[] in, or use[] a domain name" (2) that is "identical or confusingly similar" to another person's "distinctive" or "famous" mark (3) with "a bad faith intent to profit from that mark." *Id.* § 1125(d)(1)(A)(i), (ii)(I)–(II); *see also GoPets Ltd. v. Hise*, 657 F.3d 1024, 1030 (9th Cir. 2011) (describing the elements of an ACPA claim). Because, in bringing this action under § 32(2)(D)(v), Smith had the burden "to *establish*" that the registration or use of his domain name "is not unlawful," *id.* § 1114(2)(D)(v) (emphasis added), he had the burden to plead sufficient facts in his complaint to give rise to a plausible inference that at least one of the elements of § 43(d)(1)(A)'s cybersquatting violation was not met or that some other defense to liability under § 43(d)(1)(A) is applicable here. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2008).

Smith does not contest that he registered and uses his domain name and that the "AIRBNB" mark is at least "distinctive." But he contends that his SAC adequately pleads that (1) his domain name is not "confusingly similar" to that mark; and (2) he has not acted with the requisite "bad faith intent to profit from

that mark." 15 U.S.C. § 1125(d)(1)(A). We conclude, however, that Smith's pleading is deficient on both counts.

First, we address whether Smith pleaded sufficient facts to establish that his Domain Name <airbnbseo.com> is not confusingly similar to AIRBNB. Contrary to what Smith contends, we have held that the "eight factors from *AMF Inc. v. Sleekcraft Boats* for determining whether passing off one's goods as another is 'confusingly similar' are a poor fit in this context." *See DSPT Int'l v. Nahum*, 624 F.3d 1213, 1222 n.28 (9th Cir. 2010) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979)); *see also Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1175 n.16 (9th Cir. 2025). The focus is instead on the potential for confusion arising from the domain name's linguistic similarity to the distinctive mark in terms of visual appearance, sound, and meaning. *Yuga Labs*, 144 F.4th at 1175; 4 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25A:51 (5th ed. June 2026 Update) ("MCCARTHY") ("In the cybersquatting context, 'confusingly similar' means that the plaintiff's mark and the defendant's domain name are so similar in sight, sound or meaning that confusion is likely." (footnote omitted)). Under these standards, Smith's SAC is fatally deficient.

As an initial matter, we note that, to the extent that the confusing similarity inquiry would come out differently depending upon whether the relevant mark is

famous (as opposed to merely distinctive), then Smith's burden to "establish" that his conduct is "not unlawful" would require him to plead facts establishing that the mark was *not* famous. Here, far from pleading facts that would plausibly negate the inference that the AIRBNB mark is famous, the SAC affirmatively alleges that Smith selected the Domain Name "airbnbseo" precisely because of the high "visibility" of the AIRBNB mark within the industry. Indeed, Smith's opening brief itself refers to AIRBNB as "Appellee's *famous* mark." Given the admittedly widespread fame of the AIRBNB mark among U.S. consumers and the lack of any contrary allegations raising a plausible inference that the mark is not famous, we treat the AIRBNB mark as famous in assessing the confusing similarity issue. *See Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 963 F.3d 859, 870–71 (9th Cir. 2020) (stating that "a famous mark is one that has become a 'household name'" (citation omitted)).

Smith's Domain Name combines the famous AIRBNB mark with the term "SEO," which is an acronym for search engine optimization. Because that acronym "immediately conveys information about [the] nature" of Smith's business, *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1201 (9th Cir. 2009), which (as alleged in the SAC) is "promoting business listings for clients on major travel portals, including Airbnb," the acronym is "merely descriptive." *Id.* at 1197. Absent factual allegations supporting a contrary inference, a domain name that

merely adds a purely descriptive term to a famous mark is confusingly similar to that mark "in sight, sound, [and] meaning." MCCARTHY, *supra*, at § 25A:51. There are no such allegations in Smith's SAC. Thus, Smith has not plausibly alleged that <airbnbseo.com> is not confusingly similar to AIRBNB.

Second, we address whether Smith has pleaded sufficient facts to plausibly allege that he lacked a bad faith intent to profit from the use of Airbnb's mark. *See* 15 U.S.C. § 1125(d)(1)(A)(i). Given the facts pleaded in the SAC, most of the factors listed in § 43(d)(1)(B)(i) for assessing bad faith intent are not applicable here. 15 U.S.C. § 1125(d)(1)(B)(i) (listing nine factors). One factor that is relevant is whether the mark "is or is not distinctive and famous," *id*. § 1125(d)(1)(B)(i)(IX), and, for reasons previously explained, we treat the AIRBNB mark as famous for purposes of this appeal. The Domain Name thus incorporates Airbnb's famous mark, and the SAC itself alleges that Smith intentionally did that in order to leverage Airbnb's brand for commercial purposes. Specifically, the SAC alleges that Smith "strategically" chose the Domain Name to "communicate[] the nature of his service in an industry where online visibility is paramount" and to "foster a connection with the industry." Absent allegations that would plausibly support a contrary inference, Smith's intentional parasitic use of a famous mark for commercial purposes constitutes a "bad faith intent to profit from that mark." 15 U.S.C. § 1125(d)(1)(A)(i). The SAC contains no such allegations.

Accordingly, Smith failed to plausibly allege a lack of bad faith intent to profit from Airbnb's mark.

Smith advances several arguments as to why the SAC nonetheless plausibly alleged a lack of bad faith, but the district court properly rejected these theories. First, even assuming that nominative fair use applies to ACPA claims, that doctrine does not apply here because Smith's use of the famous AIRBNB mark in his Domain Name "implicate[s] the source-identification function that is the purpose of trademark." *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 308 (9th Cir. 1992) (explaining that a "nominative" use is one that does not implicate that function). Smith's reliance on statutory fair use also fails, because, as we have explained, his use of the AIRBNB mark was not in "good faith." 15 U.S.C. § 1115(b)(4). Lastly, Smith's reliance on the ACPA safe harbor provision is unavailing. That provision applies if the court "determines that the person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful." 15 U.S.C. § 1125(d)(1)(B)(ii). This provision is applied "very sparingly and only in the most unusual cases." *Lahoti*, 586 F.3d at 1203. "The safe harbor protects uses such as parody and comment, and use by persons ignorant of another's superior right to the mark." *DSPT Int'l*, 624 F.3d at 1220. Here, Smith has not pleaded that his use was for "parody and comment," nor that he was "ignorant of another's superior right to the mark." *Id.*

2. Because Smith's claims under the ACPA fail, his remaining claims necessarily fail. Smith pleaded an unjust enrichment claim which requires, among other things, an "absence of justification." *Perdue v. La Rue*, 474 P.3d 1197, 1205 (Ariz. Ct. App. 2020). And Smith failed to plausibly plead that the transfer of his Domain Name is unjustified. Finally, Smith requests injunctive relief, to which he is not entitled because his claims fail.

3. The district court did not abuse its discretion in denying leave to amend. In arguing that further leave to amend should have been granted, Smith relies only on vague generalities and has failed to proffer any additional facts that would bear on the issue of confusing similarity. The same goes for his failure to plausibly plead bad faith. Accordingly, the district court did not abuse its discretion in dismissing the SAC with prejudice. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) (holding that leave to amend was properly denied where "Appellants fail to state what additional facts they would plead if given leave to amend").

**AFFIRMED.**

*Smith v. Airbnb, Inc.*, No. 25-571

MILLER, Circuit Judge, dissenting:

The district court dismissed Smith's complaint under the Anticybersquatting Consumer Protection Act because it determined as a matter of law that "airbnbseo.com" is confusingly similar to the mark AIRBNB. Confusing similarity is a factual question, and in my view the district court erred in resolving it here on a motion to dismiss.

The district court observed that "airbnbseo.com" incorporates the mark AIRBNB in its entirety, and the court today holds that "a domain name that merely adds a purely descriptive term to a famous mark is confusingly similar to that mark." But we have never adopted the categorical proposition that any domain name that combines a descriptive term with a mark—even a famous mark—is, as a matter of law, confusingly similar. To the contrary, in *Yuga Labs, Inc. v. Ripps,* we reversed the district court's determination at summary judgment that the domain name "rrbayc.com" was confusingly similar to the mark "BAYC." 144 F.4th 1137, 1175 (9th Cir. 2025). We concluded that a genuine dispute of material fact existed as to confusing similarity, reasoning that "[t]he addition of 'rr' creates . . . visual and auditory difference and changes the meaning of the domain name . . . by referring to Ripps's name." *Id.*

1

I would hold that Smith's complaint contains sufficient factual matter, accepted as true, to plausibly allege that his domain name, "airbnbseo.com," is not confusingly similar to AIRBNB. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I would therefore reverse the district court's order granting the motion to dismiss and permit the parties to proceed to discovery on Smith's ACPA claim (and the other claims that are derivative of the ACPA claim). On remand, Smith would have the burden to submit enough evidence to allow a finding of a lack of confusing similarity, for example by showing that consumers are likely to understand that "SEO" describes Smith's services. It may be "that actual proof of those facts is improbable," but that is not a reason to end the litigation at this stage. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).